## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION**, | CIVIL ACTION NO.: 2:22-cv-1746 |
| Plaintiff, | |
| vs. | |
| **KENNETH M. FRANASIAK**, | |
| Defendant. | |

## COMPLAINT

Plaintiff, PNC Bank, National Association ("Plaintiff" or "Lender") by and through its attorneys, Buchanan Ingersoll & Rooney PC, states as follows:

## PARTIES

1. Plaintiff is a national banking association organized under the laws of the state of Delaware with its main office in Delaware and its principal place of business at The Tower at PNC Plaza, 300 Fifth Avenue, Pittsburgh, Pennsylvania 15222. For purposes of federal diversity jurisdiction, Plaintiff is a citizen of Delaware.

2. Defendant, Kenneth M. Franasiak ("Defendant" or "Guarantor") is an individual having an address at 2100 River Road, Niagara Falls, New York 14304. For purposes of federal diversity jurisdiction, Defendant is a citizen of New York.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. This Court has personal jurisdiction over Defendant by virtue of Defendant's consent to jurisdiction in this Court pursuant to the applicable documents which give rise to this cause of action.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and pursuant to the Defendant's consent to venue in this Court pursuant to the applicable documents which give rise to this cause of action. Ex. C, § 22; Ex. E, § 9.

## BACKGROUND

6. On or about August 27, 2019, Plaintiff made a construction loan in the amount of $12,375,000.00 (the "Loan") to RM63 Holdings, LLC ("Borrower").

7. The Loan is evidenced by that certain Deed of Trust Note in the original principal amount of $12,375,000.00 dated August 28, 2019 executed and delivered by Borrower to Plaintiff (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A**.

8. The terms and conditions of the Loan are further governed by a Construction and Mini Perm Loan Agreement dated August 28, 2019 executed by and between Borrower and Plaintiff (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.

9. As set forth more fully in the Loan Agreement, Borrower agreed to use the Loan proceeds in connection with the development and construction of a real estate project located in Burlington, North Carolina (as described more specifically in the Loan Agreement, the "Project").

10. Defendant personally guaranteed Borrower's payment and construction obligations pursuant to that certain Guaranty and Suretyship Agreement (Payment and Completion) dated as of August 28, 2019 executed by and between Defendant, Borrower, and Plaintiff (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

11. On or about December 6, 2021, Borrower and Plaintiff entered into that certain Amendment to Loan Documents ("Amendment to Loan Documents") pursuant to which, among other things, Borrower agreed that it would complete construction of the project on or before July 15, 2022. A true and correct copy of the Amendment to Loan Documents is attached hereto as **Exhibit D**.

12. Contemporaneously with the execution of the Amendment to Loan Documents, Defendant executed that certain Amendment to Guaranty and Suretyship Agreement (Payment and Completion) dated as of December 6, 2021 ("Amendment to Guaranty") pursuant to which, among other things, Guarantor affirmed its obligation to pay the full amount due and owing to Plaintiff upon Borrower's default. A true and correct copy of the Amendment to Guaranty is attached hereto as **Exhibit E**.

13. The Note, Loan Agreement, Guaranty, Amendment to Loan Documents, Amendment to Guaranty and all other documents governing or relating to the Loan, as amended or modified from time to time, shall be referred to herein as the "Loan Documents."

14. Borrower is in default of its obligations under the Loan Documents. Specifically, (i) Borrower failed to carry on with the construction of the Improvements (as defined in the Loan Agreement) with reasonable dispatch in accordance with the Plans (as defined in the Loan Agreement), which constituted an Event of Default under Section 7.1(xv) of the Loan Agreement; (ii) Borrower failed to cause the construction of the Improvements to be completed on or before July 15, 2022, the "Completion Date" under the Loan Agreement, which has continued for thirty (30) days and constitutes an Event of Default under Sections 4.2 and 7.1(ii) of the Loan Agreement; and (iii) Borrower failed to pay all outstanding principal and accrued interest due and owing under the Note on or before August 28, 2022, the "Maturity Date" under the Note, which constitutes an

Event of Default under Section 7.1(i) of the Loan Agreement (collectively, the "Existing Defaults").

15. Additional defaults may have occurred and all of Plaintiff's rights with respect thereto are reserved.

16. On or about September 12, 2022, Plaintiff notified Borrower and Defendant of the Existing Defaults and demanded repayment of the Loan in full (the "Demand Notice"). A true and correct copy the Demand Notice is attached hereto as **Exhibit F**.

17. As of November 29, 2022, the following amount is due and owing under the Loan Documents, exclusive of default interest, legal fees and costs which have accrued and are also due and owing:

| | |
|---|---:|
| Principal: | $3,504,048.57 |
| Interest: | $63,675.38 |
| Late Fees: | $177,538.41 |
| Total: | $3,745,262.36 |

18. Interest at the default rate, late fees, and legal fees will also continue to accrue on the unpaid principal balance of the Loan.

## COUNT I
*Breach of Contract*

19. Plaintiff repeats all prior allegations as if set forth herein.

20. Under the Guaranty, Defendant unconditionally guaranteed the obligation of Borrower to repay the Loan as well as all other Obligations (as defined in the Guaranty) under the Loan Agreement. Ex., C, § 1(a).

21. The Loan is due and owing in full and has not been repaid.

22. Despite due demand, Defendant has failed to pay the balance of the Loan and is in default under the terms of the Guaranty.

23. Plaintiff has incurred, and will continue to incur, attorneys' fees in connection with the enforcement of Plaintiff's rights under the Loan Documents which are recoverable under the terms of the Loan Documents. Ex., C, §§ 1(a), 10.

24. Plaintiff is entitled to a judgment for the full balance due under the Note, Guaranty, and the Loan Documents, together with interest at the default rate set forth in the Note, attorneys' fees and expenses.

**WHEREFORE**, Plaintiff, PNC Bank, National Association, demands judgment against Defendant, Kenneth M. Franasiak, for breach of contract for the full balance due under the Note and the Loan Documents, together with interest at the default rate set forth in the Note until paid in full, and other costs and expenses, including attorneys' fees and costs, and costs of suit.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  December 7, 2022

By: /s/ Kelly M. Neal
James D. Newell (PA ID 51337)
Timothy P. Palmer (Pa ID. 86165)
Kelly M. Neal (Pa. ID. 306473)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-1410
Tel: (412) 562-8800
Fax: (412) 562-1041
Email:  james.newell@bipc.com
timothy.palmer@bipc.com
kelly.neal@bipc.com

*Attorneys for Plaintiff PNC Bank, National Association*